UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                -against-

KENNETH J. WARD, JR.,

                Defendant.

-------------------------------------------------------------------X

**OPINION & ORDER**

24-MJ-504 (PK)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On August 19, 2024, a criminal complaint was filed against Defendant Kenneth J. Ward, Jr., charging him with threatening to assault and murder a federal judge in violation of 18 U.S.C. § 115(a)(1)(B). *See* Dkt. No. 1. As set forth in the complaint, "[o]n or about July 15, 2024, within the Eastern District of New York and elsewhere, [Defendant] did knowingly and intentionally threaten to assault and murder a United States judge, with intent to retaliate against such judge on account of the performance of official duties." Dkt. No. 1 at 1.

Defendant was arrested pursuant to a warrant on August 22, 2024. During Defendant's presentment on September 9, 2024, the Government moved, pursuant to 18 U.S.C. § 3142, for an order of detention pending trial. *See* Dkt. No. 7 (citing 18 U.S.C. § 3142(f)(1)(A), (f)(2)(A), and (f)(2)(B)). A detention hearing was held on the same date. Defendant presented a bail application and moved for pretrial release, which the Government opposed. Pretrial Services recommended detention, as explained at the hearing.

For the reasons set forth on the record during the detention hearing, and for the reasons set forth below, the Court grants the Government's motion and orders Defendant detained pending trial.

1

**I.      RELEVANT BACKGROUND**

Defendant is charged with threatening to assault and murder a federal judge, in violation of Title 18, United States Code, Section 115(a)(1)(B).  *See* Dkt. No. 1.  According to the complaint, Defendant filed a *pro se* civil action in the Eastern District of New York on September 2, 2015, alleging claims under 42 U.S.C. § 1983 and New York State law ("Civil Action").  *Id.* ¶ 5.  The Civil Action relates to Defendant's involuntary commitment at Nassau Medical Center in July 2015.  *Id.*

On September 30, 2019, the United States District Judge assigned to the Civil Action ruled on cross-motions for summary judgment and dismissed most of Defendant's claims, except for a Fourth Amendment claim alleging an unlawful search ("Summary Judgment Order").  *Id.*

On July 15, 2024, the United States Magistrate Judge assigned to the Civil Action held a telephonic pretrial status conference with the parties to discuss setting a date for the trial on Defendant's remaining Fourth Amendment claim.  *Id.* ¶ 6.

Defendant appeared at the July 15, 2024 conference and noted his appearance for the record.  *Id.*  According to the complaint, during the scheduling discussion, Defendant "became agitated and stated as follows in apparent reference to the Summary Judgment Order: 'And your Honor, your Honor, not for nothing, none of those claims should have been dismissed.  [The United States District Judge's first name] whatever her name was, was corrupt and none of those doctors should have got off on this. None of them.'"  *Id.* ¶ 6.  Defendant then stated, "So those doctors and that fucking judge, [United States District Judge's first name] whatever the fuck her name is, can go fuck herself. All right? And if I ever see her again, *I'm going to choke her to death*.  And that's on the record."  *Id.* (emphasis added).

2

On August 22, 2024, officers from a regional fugitive task force executed an arrest warrant at Defendant's home on the complaint charging him with threatening to assault and murder a federal judge in violation of 18 U.S.C. § 115(a)(1)(B). Dkt. No. 7 at 2. During the arrest, the officers accompanied Defendant's girlfriend as she went to retrieve Defendant's medications from the kitchen in their home. *Id.* As Defendant's girlfriend opened a kitchen drawer in the presence of law enforcement officers, the officers observed a handgun in their plain view. *Id.* The officers arrested Defendant on state charges of illegal gun possession and took him into state custody. *Id.* After the firearm was determined to be a loaded and operable RG Industries .25 caliber handgun, Defendant was indicted on a state felony charge of criminal possession of a firearm. *Id.*

On or around August 27, 2024, the state court set bail, but Defendant remained detained at Rikers Island while he put together the requisite package. *Id.*

On September 9, 2024, Defendant was transferred to federal custody, pursuant to a writ of habeas corpus *ad prosequendum*, to be presented on the complaint in this case.

## II.     RELEVANT LAW

"The Bail Reform Act, 18 U.S.C. §§ 3141, *et seq*. ("the Act"), prescribes the statutory standards for determining whether a criminal defendant should be detained or released pending trial." *United States v. Wang*, 670 F. Supp. 3d 57, 64 (S.D.N.Y. 2023), *aff'd*, No. 23 CR. 118-3 (AT), 2023 WL 4551637 (S.D.N.Y. July 14, 2023). "Pursuant to the Act, the Court 'shall order the pretrial release of [a defendant] on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court [. . .], unless the judicial officer determines that such release (1) will not reasonably assure the appearance of the person as required or (2) will endanger the safety of any other person or the community.'" *Id.* (quoting 18 U.S.C. §

3142(b). "Release may be denied only if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* (quoting 18 U.S.C. § 3142(e)(1) and citing *U.S. v. Baig*, 536 F. App'x 91, 92 (2d Cir. 2013)); *see also United States v. Atomei*, No. 24-CR-78 (MKB), 2024 WL 1934195, at *1 (E.D.N.Y. May 2, 2024) ("The Bail Reform Act requires a court to order the pretrial detention of a defendant if, after a hearing, the judge 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'") (quoting *United States v. Mattis*, 963 F.3d 285, 290 (2d Cir. 2020)).

In making its determination, the Court must consider the following factors set forth in 18 U.S.C. § 3142(g):

> (1) the nature and the circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including [his] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . .
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release

*Atomei*, 2024 WL 1934195, at *1 (E.D.N.Y. May 2, 2024) (citing *United States v. Kelly*, No. 20-1720, 2020 WL 7019289, at *1 (2d Cir. Sept. 8, 2020) (same)); *see also United States v. Zhang*, 55 F.4th 141, 149 (2d Cir. 2022) (explaining that the court shall consider these four factors in determining whether there are conditions that will reasonably assure the defendant's appearance). "[T]he weight given to each factor will inevitably vary from case to case, and might even vary

depending on whether the inquiry relates to a defendant's danger or to his risk of flight." *Zhang*, 55 F.4th at 149-50.

A finding that the defendant presents a flight risk must be supported by a preponderance of the evidence, *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007), while a finding that the defendant is dangerous must be supported by clear and convincing evidence, *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).

"Upon finding that the defendant presents a flight risk or a danger to the community, the court must then determine whether there are conditions of release that will assure the appearance of the person and the safety of those in the community." *Atomei*, 2024 WL 1934195, at *1 (citing *Zhang*, 55 F.4th at 151) (considering whether the bail package held sufficient "moral suasion" over the defendant and mitigated the risk of flight and danger).

## III. DISCUSSION

The facts proffered by the Government show Defendant to be a danger to the community by clear and convincing evidence. *See Ferranti*, 66 F.3d at 542 (holding that "the government may proceed by proffer" in detention hearings).

As an initial matter, the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release is immense. Defendant is alleged to have told a United States Magistrate Judge that he was going to "choke" a United States District Judge "to death" if he "ever see[s] her again." Dkt. No. 1 ¶ 6. Releasing Defendant would, unquestionably, create a serious risk to the safety of the identified United States District Judge, among others, including her courthouse staff.

The nature and circumstances of the crime charged also weighs strongly in favor of detention. The Court agrees with the Government that the instant charge "strikes at the heart of

the judicial system." Dkt. No. 7 at 3. Defendant has been "charged with the serious crime of threatening a federal judge, in a manner that interferes with the judge's official duties or retaliates against [the judge] because of [the judge's performance of [the judge's] official duties." *United States v. Lewis*, 5 F. Supp. 3d 515, 529 (S.D.N.Y. 2014) (citing 18 U.S.C. § 115(a)(1)(B) (providing for the punishment of individuals who threaten a United States judge "with intent to impede, intimidate, or interfere with such [judge] while engaged in the performance of official duties, or with intent to retaliate against such [judge] on account of the performance of official duties")). Courts have routinely found that this type of offense constitutes a "crime of violence" within the meaning of the Bail Reform Act. *See United States v. Kaetz*, No. 20-CR-1090-1 (JNR), 2021 WL 37925, at *5 (D.N.J. Jan. 4, 2021) (denying the defendant's motion for pretrial release after he was charged with, *inter alia*, "threats to assault and murder a United States judge"); *see also United States v. Chrestman*, 525 F. Supp. 3d 14, 28 (D.D.C. 2021) (ordering the defendant detained pending trial because the defendant "pose[d] an inherent risk to the community" as he was accused of threatening federal officials, which is a "crime of violence" within the meaning of 18 USC § 3142(g)(1)).

Additionally, the weight of the evidence favors detention. While Defendant "is presumed innocent of these charges, the Court takes the serious allegations against [him] into consideration when evaluating the strength of the evidence justifying [his] detention." *Lewis*, 5 F. Supp. 3d at 529 (denying defendant's request for release from pretrial detention because "[t]he record shows that Lewis poses a threat to the community"). Indeed, given that the alleged statements occurred in a public court proceeding shortly after Defendant placed his appearance on the record, the weight of the evidence against Defendant is strong.

6

Defendant's criminal history provides further bases for detention. As noted above, at the time that Defendant was arrested, officers observed a loaded and operable handgun in plain view, for which Defendant was arrested on state gun possession charges. *See* Dkt. No. 7 at 2. Possession of such a weapon—only weeks after the alleged threat to murder a United States District Judge—raises a substantial risk that Defendant will act on his threats. *See United States v. Bonafe*, 612 F. Supp. 3d 299, 300 (S.D.N.Y. 2020) (detaining a defendant with professed access to firearms). Defendant is also alleged to have engaged in a violent road rage incident in Queens, New York in May 2023, where he stated, "'I'm going to kill you,'" produced a Swiss Army knife, and then stabbed the other driver in the arm." *Id.* at 2. Defendant was arrested and ultimately convicted of disorderly conduct in connection with that incident. *Id.* Defendant has also been arrested three times—as recently as May 2024—for driving while under the influence of alcohol; two of these arrests were resolved by guilty pleas while the May 2024 arrest remains pending. *Id.* at 2-3. And Defendant has been arrested in a courthouse before—namely, he was arrested in April 2014 when he became disruptive at Queens County Civil Court following a hearing in a matrimonial matter. *Id.* at 1.

Moreover, Defendant's mental condition raises the likelihood that he is a danger to others. As the Government argues, Defendant is a "serial *pro se* litigant with a deeply held resentment for the judicial system and a history of making threats to court personal following adverse rulings." *Id.* at 1. As set forth in the Government's detention memoranda, after the U.S. Court of Appeals for the Second Circuit struck one of Defendant's filings from the appellate docket, Defendant allegedly called a *pro se* case manager and threatened to "get into a van and *run over* people from the Court." *Id.* at 2 (emphasis added). As the Government notes, "to the extent that the [D]efendant's prior violent threats against court personnel stemmed from his resentment

7

following setbacks in his *pro se* civil cases, there is an additional likelihood that his dual arrests on state firearms charges and on the federal threats charge will only deepen the [D]efendant's grievances with the judicial system and exacerbate his impulse to lash out violently at those associated with it." *Id.*

At bottom, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of any other person and the community.

### IV.     CONCLUSION

For the foregoing reasons, the Court enters an order of detention against Defendant.

Dated:     Brooklyn, New York         **SO ORDERED.**
           September 9, 2024.

                                       /s/ Joseph A. Marutollo
                                       JOSEPH A. MARUTOLLO
                                       United States Magistrate Judge